BEN SUTER, CASB No. 107680
ben.suter@kyl.com
GABRIEL LEE-SANCHEZ, CASB No. 345891
gabriel.lee-sanchez@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California  94133
Telephone:    (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>          vs.<br><br>BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation,<br><br>                              Defendant. | Case No. 23-cv-05162<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 23STCV04542]<br><br>Action Filed:        March 2, 2023<br>Action Removed:   June 29, 2023 |

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-A-Bear")

submits the following Notice of Removal of Civil Action to the United States District

Court for the Central District of California, Western Division, pursuant to 28 U.S.C.

§ 1332.

///

1

**PROCEDURAL BACKGROUND**[1]

2          1.      Plaintiff Sonya Valenzuela, individually and on behalf of all others

3   similarly situated ("Plaintiff"), originally filed this action against Build-A-Bear in the

4   Superior Court for the State of California, County of Los Angeles on March 2, 2023.

5   (*See* Ex. A, at 8.)  Plaintiff's original Complaint brought two counts alleging violations

6   of the California Invasion of Privacy Act, Cal. Penal Code § 630, et seq. ("CIPA"):

7   (i) violations of Cal. Penal Code § 631; and (ii) violations of Cal. Penal Code § 632.7.

8   (*See id.*, at 8-16.)  Plaintiff generally averred that Build-A-Bear, without obtaining

9   Plaintiff's consent, "secretly wiretap[ped]" Plaintiff's conversation with Build-A-Bear

10  on Build-A-Bear's web chat and that Build-A-Bear allows a third-party "to eavesdrop

11  on such communications in real time and during transmission, which then enables them

12  to harvest transcript data for marketing and other purposes." (*See id.*, at 9.)

13         2.      Build-A-Bear filed a Demurrer to the original Complaint on

14  May 26, 2023, on grounds that: (i) Plaintiff failed to adequately allege Build-A-Bear

15  aided a third-party in using the data for the third-party's own purposes (§ 631); and

16  (ii) Plaintiff failed to allege that the conversation occurred between two telephones as

17  would be required to state a claim under § 632.7. (*See id.*, at 47-63.)

18         3.      On May 30, 2023, Plaintiff filed a First Amended Class Action

19  Complaint, which asserts the same two claims, but now purports to bring this action on

20  behalf of "[a]ll persons within the state of California who, during the statute of

21  limitations period: (1) communicated with [Build-A-Bear] via the chat feature on

22  [Build-A-Bear]'s Website; and (2) whose communications were recorded and/or

23  eavesdropped upon without prior consent." (*See id.*, at 74-83, ¶ 23.)

24         4.      In her First Amended Class Action Complaint, filed in lieu of

25  responding to Build-A-Bear's Demurrer and without any discovery, Plaintiff now

26

27  [1] A complete copy of the file from the proceedings in state court is attached hereto as
    <u>Exhibit A.</u>

28

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

baldly contends that Build-A-Bear allows a third-party "believed to be . . . Drift or Salesforce" to monetize chat conversations. (*See id.*, at 76, ¶ 10.) Again, without the benefit of any discovery, Plaintiff claims to have discovered and now contends the third-party (whom Plaintiff still cannot identify with certainty) runs the chat from its own servers and is integrated with "Meta subsidiaries," which allows the third-party "to share data with Meta and its subsidiaries" for "targeted social media advertising." (*See id.*, at 77–78, ¶¶ 13, 15.)

5.    Build-A-Bear thereafter has timely filed this Notice of Removal on June 29, 2023, within 30 days of the First Amended Class Action Complaint being filed. *See* 28 U.S.C. § 1446(b)(3).

## JURISDICTIONAL BASIS FOR REMOVAL –
## CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D)

6.    Removal is proper in this matter pursuant to the Class Action Fairness Act ("CAFA"). CAFA "vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Gutierrez v. Dave and Matt Vans, LLC*, 2:23-cv-02012-JLS-JC, 2023 WL 3311844, at *1 (C.D. Cal. May 8, 2023); 28 U.S.C. § 1332(d).[2]

### A.    Minimal Diversity is Satisfied

7.    Under CAFA, a removing defendant is only required to show "minimal diversity." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Generally, the citizenship of class members for purposes of establishing minimal

---

[2] No State, State official, nor any governmental entity is the subject of either the original Complaint nor the First Amended Class Action Complaint. (*See* Ex. A, at 8–16, 74–83.)

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

diversity under CAFA must be determined with reference to the operative pleadings at the date of removal." *Richards v. Now, LLC*, No. 2:18-cv-10152-SVW-MRW, 2019 WL 2026895, at *2 (C.D. Cal. May 8, 2019). A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Flores v. First Transit Inc.*, No. CV 12-3309 GAF (JCGx), 2012 WL 12878722, at *1 (C.D. Cal. June 4, 2012) (quoting 28 U.S.C. § 1332(c)(1)).

8.    In the First Amended Class Action Complaint, Plaintiff alleges she is a citizen of California. (*See* Ex. A, at 75, ¶ 4.)

9.    The First Amended Class Action Complaint also identifies that Build-A-Bear is incorporated in Delaware, with its principal place of business in Missouri. (*See id.*, at 76, ¶ 5.). Thus, Plaintiff and Build-A-Bear are citizens of different states, satisfying minimal diversity under CAFA. *See, e.g., Jones v. ADT Sec. Servs., Inc.*, CV 11-7750 PSG (JCGx), 2012 WL 12744, at *2 (C.D. Cal. Jan. 3, 2012) (concluding that the diversity requirement under CAFA was met based on the allegations in the complaint); *Campion v. Old Republic Home Protection Co., Inc.*, No. 09-CV-748-JMA(NLS), 2012 WL 13175903, at *1 (S.D. Cal. June 22, 2012) ("The 'minimal diversity' requirement [under CAFA] was also met based upon allegations contained in Plaintiff's Complaint.").

## B.    Plaintiff Alleges There Are More than 100 Class Members

10.    In the First Amended Class Action Complaint, Plaintiff alleges she believes there are "thousands, if not more" potential class members. (*See* Ex. A, at 79, ¶ 24.)

11.    Accordingly, the 100-proposed class member requirement is satisfied. *See Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 11, 2008) (concluding the class member requirement under CAFA was satisfied because "facially apparent from the complaint: plaintiff allege[d] a class of 'thousands of persons,' implying a logical minimum of 2,000 class members"); *Kearney v. Direct Buy Assocs., Inc.*, No. CV 14-04965 MMM

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

(AJWx), 2014 WL 12588636, at *4 (C.D. Cal. Oct. 23, 2014) (concluding the "allegations, accepted as true, indicate that the class has more than one hundred members and satisfie[d] CAFA's numerosity requirement" where the plaintiff alleged: (i) he believed the total number of class members was "at least in the thousands"; and (ii) that the defendant solicited thousands of illegal and unauthorized vehicle service contracts); *Kaghazchi v. Mission Imports*, No. SACV 13-0592 AG (ANx), 2013 WL 12145813, at *2 (C.D. Cal. July 22, 2013) (holding plaintiff's allegation that defendant was engaging in an illegal practice as "to thousands of consumers" was "sufficient to show that the number of putative class members exceeds 100").

### C.    The Case Satisfies the CAFA Threshold Amount In Controversy

12.    "In determining the amount in controversy under CAFA, courts first look to the complaint." *Gutierrez*, 2023 WL 3311844, at *2 (quoting I*barra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). As a general rule, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.*

13.    For violations of CIPA, a plaintiff may seek the greater of: (i) $5,000 per violation; or (ii) three times the amount of actual damages, if any, sustained by the plaintiff. Cal. Penal Code § 637.2(a).[3] Plaintiff alleges violations of two provisions of CIPA, § 631(a) and § 632.7. (*See* Ex. A, at 74-83.) Taking Plaintiff's allegations as true, the minimum number of potential class members would be 2,000 (i.e., "thousands"). At this minimum, the total potential damages would be $20,000,000.[4] Accordingly, the amount-in-controversy requirement is satisfied by the face of Plaintiff's First Amended Class Action Complaint. *See Walker v. Motricity, Inc.*, C 08-03648 MHP, 2009 WL 10692468, at *3 (N.D. Cal. Mar. 11, 2009) ("If it is

---

[3] As explained above, Plaintiff does not allege actual damages in the First Amended Class Action Complaint. (*See* Ex. A, at 74–83, passim.)

[4] This figure is calculated by multiplying the number of potential class members (2000) times the $5,000 statutory award times two, because there are two alleged CIPA violations.

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

1  facially apparent from the Complaint that the jurisdictional amount in controversy is

2  satisfactorily pled, then the court need not look beyond the four corners of the

3  complaint to determine whether the jurisdictional amount is satisfied.").[5]

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4

### A.   Removal is Timely

5

6      14.   Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial

7  pleading is not removable, a notice of removal may be filed within thirty days after

8  receipt by the defendant, through service or otherwise, of a copy of an amended

9  pleading . . . from which it may first be ascertained that the case is one which is or has

10  become removable."

11      15.   Here, Plaintiff filed her original Complaint on March 2, 2023. (*See*

12  Ex. A, at 8.) Plaintiff filed her original Complaint solely on behalf of herself, asserting

13  one count under Cal. Penal Code § 631 and a second count under Cal. Penal Code

14  § 632.7. (*See id.*, at 8–16, passim.)  In her original Complaint, Plaintiff only suggested

15  she communicated with Build-A-Bear via its website chat feature one time by alleging

16  she "had a conversation" using the website chat. (*See id.*, at 11, ¶ 16.) (emphasis

17  added).  For violations of CIPA, a plaintiff may seek the greater of: (i) $5,000 per

18  violation; or (ii) three times the amount of actual damages, if any, sustained by the

19  plaintiff. Cal. Penal Code § 637.2(a).[6]

20      16.   CIPA does not provide an automatic entitlement to attorneys' fees

21  for a prevailing plaintiff. *See Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB

22  (SHKx), 2023 WL 1999496, at *7 (C.D. Cal. Feb. 9, 2023) (noting that "CIPA has no

23  attorney's fees provision").  Because "a court's calculation of future attorneys' fees is

24  limited by the applicable contractual or statutory requirements that allow fee-shifting in

25

26  [5] None of the exceptions to CAFA apply here since, among other reasons, Build-A-Bear is not a citizen of California. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4).

27  [6] In her original Complaint, Plaintiff did not allege nor include in her prayer for relief actual damages; only statutory damages. (*See* Ex. A, at 8–16, passim.)

28

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

the first place[,]" and because CIPA does not provide for attorneys' fees, attorneys' fees are not properly a part of the amount-in-controversy calculation. *See Gutierrez v. Anning-Johnson Co.*, No. LA CV21-061117 JAK (RAOx), 2023 WL 3852675, at *8 (C.D. Cal. June 6, 2023) (quoting *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018)). Likewise, punitive damages would not be properly included in the amount in controversy calculation. *See Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355, 2023 WL 2717636, at *17 n.13 (E.D. Cal. Mar. 30, 2013) (declining to reach the issue, but noting that "Defendant cites cases which, in addition to the Court's independent research, appear to support a finding that punitive damages are unavailable for violations of CIPA." (collecting cases)).

17.     Therefore, at the time Plaintiff filed her original Complaint, Plaintiff's damages would have, at most, been limited to the statutory remedy of $5,000 for each of her two counts.  This is far below the $75,000 threshold necessary to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Moreover, Plaintiff only brought the action on behalf of herself at the time she filed her original Complaint, meaning Build-A-Bear could not seek removal under CAFA. *See* 28 U.S.C. § 1332(d). Additionally, no federal question was raised by the face of Plaintiff's original Complaint. *See* generally 28 U.S.C. § 1331.

18.     Accordingly, the first time Build-A-Bear could "ascertain[] that the case is one which is or has become removable" was when Plaintiff filed her First Amended Class Action Complaint on May 30, 2023. *See* 28 U.S.C. § 1446(b)(3); (*see also* Ex. A, at 74.)  Because this Notice of Removal is filed within thirty days of the filing of Plaintiff's First Amended Class Action Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3).

### B.    Pleadings and Process

19.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Build-A-Bear in the action filed in state court are attached hereto as Exhibit A.

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

**C.  Notice to Adverse Parties and State Court**

20.    Promptly after the filing of this Notice of Removal, Build-A-Bear will serve a copy on all counsel of record and file a copy with the Clerk of the Superior Court of California for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d). Build-A-Bear is serving this Notice of Removal on Plaintiff's Counsel of Record, Pacific Trial Attorneys, via electronic and U.S. mail addressed to its office located at 4100 Newport Place Drive, Ste. 800, Newport Beach, CA 92660. Build-A-Bear is also filing a copy of the Notice of Removal of Civil Action in the Superior Court of California, County of Los Angeles.

**D.  Venue is Proper**

21.    District and divisional venue are proper under 28 U.S.C. § 1446(d) because this Court is the Federal Court for the Division and District encompassing the Superior Court of the State of California for the County of Los Angeles, where the case was originally filed.

**E.  Non-Admission and No Waiver**

22.    By removing this case, Build-A-Bear does not waive any rights or defenses available under federal or state law.  Build-A-Bear also does not waive, and expressly reserves, any arguments in opposition to class certification and all arguments and defenses supporting dismissal of this case under Rule 12 of the Federal Rules of Civil Procedure or any similar California rule or statute, in the event this case returns to state court.  Similarly, the statements in this Notice should not be construed as an admission that Plaintiff's allegations have any merit or are sufficient to state a claim, nor should it be deemed an admission of liability or that Plaintiff or any other putative class members have been damaged or are entitled to any payment.

///

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

1         WHEREFORE Build-A-Bear hereby removes this case to the United

2    States District Court for the Central District of California, Western Division; requests

3    that no further proceedings be had in the Superior Court of the State of California,

4    County of Los Angeles; and, further, requests that this Court grant such other and

5    further relief as it deems just and proper.

6

7

8    DATED:  June 29, 2023                */S/ Gabriel Lee-Sanchez*_____

9                                      BEN SUTER

10                                     GABRIEL LEE-SANCHEZ
     KEESAL, YOUNG & LOGAN
     Attorneys for Defendant

11                                     BUILD-A-BEAR WORKSHOP, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
KYL4877-4368-9581.1

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2023 09:50 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz, Deputy Clerk

Case 2:23-cv-05162-SSS-kk    Document 1-4    Filed 06/29/23    Page 11 of 97    Page ID #:11

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464        FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Valenzuela v. Build-A-Bear Workshop, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23STCV04542 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 2, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: Valenzuela v. Build-A-Bear Workshop, Inc., et al. | CASE NUMBER 23STCV04542 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Valenzuela v. Build-A-Bear Workshop, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Valenzuela v. Build-A-Bear Workshop, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Valenzuela v. Build-A-Bear Workshop, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br><br>1954 Innerbelt Business Center Dr. |
|---|---|
| CITY:<br>St. Louis | STATE:<br>MO | ZIP CODE:<br>63114 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>March 2, 2023</u>

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2023 09:50 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk

Case 2:23-cv-05162-SSS-kk    Document 1    Filed 06/29/23    Page 17 of 97    Page ID #:17

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

<table>
<tr><td></td><td><b><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></b></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SONYA VALENZUELA,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N. Hill Street, Los Angeles, CA  90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV04542 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC                                      Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:  03/02/2023                                       David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)*                               Clerk, by                         , Deputy
                                        *(Secretario)*      S. Ruiz        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2023 09:50 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk

Case 2:23-cv-05162-SSS-kk    Document 1    Filed 06/29/23    Page 18 of 97    Page ID #:18

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Armen Tamzarian

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>BUILD-A-BEAR WORKSHOP, INC., a<br>Delaware corporation; and DOES 1 through 10,<br>inclusive,<br><br>    Defendants. | Case No.  23STCV04542<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) PENAL CODE § 631; AND**<br>**(2) PENAL CODE § 632.7** |

## I. **INTRODUCTION**

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at** www.buildabear.com **(the "Website"); and (2) allows at least one third party to eavesdrop on such communications in real time and during transmission, which then enables them to harvest transcript data for marketing and other purposes.**

**Defendant did not obtain Plaintiff's consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630,** *et. seq.*

## II. **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over all causes of action asserted herein.

2.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct in this County.

3.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III. **PARTIES**

4.      Plaintiff is a resident of California.

5.      Defendant is a Delaware for-profit corporation headquartered in Saint Louis, Missouri that sells teddy bears and other stuffed animals and characters. Customers go through an interactive process in which the stuffed animal of their choice is assembled and tailored to their own preferences during their visit to the store. These preferences include numerous different stuffed animals, along with varying scents, sounds, and outfits. Upon information and belief, Defendant holds itself out as a growing independent shopping mall for global e-commerce trade that offers innovative and stylish products for our customers to help them build the future and has annual sales in excess of $300 million.

6.      The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS are currently unknown to Plaintiff. Each of the Defendants designated herein as a

DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names of the DOE Defendants when known.

7.      Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.      Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

9.      CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

10.     Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant aids and abets a third party in wiretapping all the conversations conducted through its website chat feature.  Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight. . . **When people are chatting, you have direct access to their exact pain points.**"*).  *See*  https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited Feb. 26, 2023) (emphasis added).

11.     Defendant's wiretapping and eavesdropping are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions violate both industry norms and the legitimate expectations of consumers.

12.     To enable the unlawful conduct, Defendant has conspired with an independent third party to embed software code that functions as a device and contrivance into its website.  That code acts as a "chat feature" and automatically intercepts, records, and creates transcripts of all

---

[1]     *See*              https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited Feb. 26, 2023).

conversations using the website chat feature – even when such conversations are private and deeply personal. The data from those transcripts can then be used for targeted marketing or other purposes under the guise of "data analytics."

13.    Defendant neither informed visitors of this conduct nor obtained their consent to these intrusions. Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature. Defendant's conduct is illegal, offensive, and contrary to visitor expectations.

14.    Plaintiff is a consumer privacy advocate with dual motivations for initiating a conversation with Defendant. First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendant. Second, Plaintiff is a "tester" who works to ensure that companies abide by the privacy obligations imposed by California law.

15.    Statutes like CIPA are largely enforced by civic-minded testers such as Plaintiff. Indeed, the Ninth Circuit recently made this point clear in *Langer v. Kiser*, 57 F.4th 1085, 1093-94 (9th Cir. 2023) (holding that the conduct of "serial litigants" like Plaintiff is "necessary and desirable" to enforce and advance consumer protection statutes and warning that no impermissibly adverse credibility or standing inferences can be drawn against such parties). Stated differently, as someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

16.    Within the last year and while in California, Plaintiff visited Defendant's Website. Plaintiff used a smart phone (a cellular telephones with an integrated computer to enable web browsing) and had a conversation with Defendant using the chat feature on Defendant's website. As such, Plaintiff's communications with Defendant were transmitted from a "cellular radio telephone" as defined by CIPA.

17.    By definition, Defendant's chat communications from its website are transmitted to website visitors by telephony subject to the mandates of CIPA: "[T]hough written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'" *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022). *See also*

https://www.britannica.com/technology/Internet ("How Does the Internet Work?") ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last visited Feb. 26, 2023).

18.     Defendant did not inform Plaintiff that Defendant was secretly recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time. Plaintiff did not learn that Defendant secretly recorded their conversation or allowed a third party to eavesdrop upon it until after the conversation was completed and additional, highly technical research was completed.

19.     Defendant did not obtain express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Plaintiff know at the time of the conversation that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

20.     In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation. Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

21.     In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 632.7 of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website. Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

22.    **Plaintiff brings this Complaint as an individual action.  If Defendant does not take appropriate steps to stop and fully remedy the harm caused by its illegal conduct, Plaintiff will file an amended Complaint that adds additional plaintiffs and/or asserts claims on behalf of a class of similarly aggrieved persons.**

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

23.    Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".  ***Here, Defendant does all three.***

24.    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's communications with Defendant's Website.  "Though written in terms of wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022); and *Byars,* 2023 WL 1788553, *4 ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation.  Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show*

*the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

25.     The software embedded on Defendant's Website to record and eavesdrop upon the communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

26.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff with Defendant's Website to be recorded.  Defendant also enabled, aided, and abetted an independent third party to intercept and eavesdrop upon such conversations during transmission and in real time.

27.     Plaintiff did not expressly or impliedly consent to any of Defendant's actions.

28.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

29.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."  As summarized by the California Supreme Court, under section 632.7(a) it is a crime when a person intercepts or records "a communication transmitted between a cellular or cordless telephone and another telephone."  *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 187 (2021). Stated differently, only one party to the conversation needs to be using a cellular phone for the prohibitions of section 632.7 to apply.

30.     Section 632.7(d)(3) defines "Communication" exceptionally broadly – including not only voice communication, but also communications transmitted by "data, or image, including facsimile."  Text messages sent from a smart phone to a computer or internet, like the messages at

issue here, are considered data transmissions via cellular telephony to landline telephony, thus subject to Section 632.7. *See* https://www.techtarget.com/searchmobilecomputing/definition/texting ("*Text messaging is the act of sending short, alphanumeric communications between cellphones, pagers or other hand-held devices, as implemented by a wireless carrier. . .* **Users can also send text messages from a computer to a hand-held device. Web texting, as it's called, is made possible by websites called SMS gateways."**) (last visited Feb. 26, 2023) (emphasis added).

31. Courts have applied Section 632.7 to internet data communications like those at issue here. *See Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021); *Byars*, 2023 WL 1788553, \*5 ("*Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

32. Plaintiff communicated with Defendant using telephony subject to the mandates and prohibitions of section 632.7.

33. Defendant's communication from the chat feature on its website is transmitted via telephony subject to the mandates and prohibitions of section 632.7.

34. As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of section 632.7.

35. As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of section 632.7.

36. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order declaring Defendant's conduct violates CIPA;

2. Statutory damages pursuant to CIPA;

3.    Punitive damages;

4.    Reasonable attorneys' fees and costs; and

5.    All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated:  March 2, 2023                              PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

- 9 -
COMPLAINT



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL ) ) ) ) ) ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

      Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

      The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019                         KEVIN C. BRAZILE

11                                             Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Print          Save                                                                                    Clear

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

[ Print ]  [ Save ]                                          [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐　Request for Informal Discovery Conference
   ☐　Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]    [ Save ]    [ Clear ]

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/02/2023<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV04542 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Armen Tamzarian | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/02/2023
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Ruiz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _M. Isunza_ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Sonya Valenzuela

DEFENDANT:
Build-A-Bear Workshop

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23STCV04542

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 06/29/2023 | Time: 8:30 AM | Dept.: 52 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  _03/07/2023_

_Armen Tamzarian / Judge_
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Scott J Ferrell
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated:  _03/07/2023_

By _M. Isunza_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Isunza _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Sonya Valenzuela

DEFENDANT/RESPONDENT:
Build-A-Bear Workshop

## CERTIFICATE OF MAILING

CASE NUMBER:
23STCV04542

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Scott J Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

Victoria Campbell Knowles
Pacific Trial Attorneys, APC
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/7/2023

By: M. Isunza _____
        Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and Address)* | FOR COURT USE ONLY |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional)*: (949) 706-6469<br>E–MAIL ADDRESS *(Optional)*: sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**4/03/2023 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By A. Miro, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. HILL STREET<br>MAILING ADDRESS: 111 N. HILL STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE |

| PLAINTIFF/PETITIONER: SONYA VALENZUELA | CASE NUMBER: **23STCV04542** |
|---|---|
| DEFENDANT/RESPONDENT: BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **1170766PDL** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a.☒ Summons
   - b.☒ Complaint
   - c ☒ Alternative Dispute Resolution (ADR) package
   - d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐ cross-complaint
   - f. ☒ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENTUNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; CERTIFICATE OF MAILING; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONSPACKAGE ; ORDER PURSUANT TO CCP 1054(a). EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION
3. a. Party served: *(specify name of party as shown on documents served):*
   BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation
   b. Person served: other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporating Service, Registered Agent, By Serving, Koy Saechao,Person Authorized to Accept Service
4. Address where the party was served: 2710 GATEWAY OAKS DR. SUITE 150N
   SACRAMENTO, CA  95833

5. I served the party *(check proper box)*
   a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/21/2023    (2) at: *(time)* 2:47 PM

   b. ☐ **by substituted service**. On *(date):*               at: *(time)*         . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
   - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):        (city):        **or** ☐ a declaration of mailing is attached.
   - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |
|---|---|---|

| PLANTIFF/PETITIONER:  SONYA VALENZUELA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation, et al. | **23STCV04542** |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):           (1) (city):

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** (specify means of service and authorizing code section):

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐  as an individual defendant

    b. ☐  as the person sued under the fictitious name of (specify):

    c. ☒  on behalf of (specify): BUILD-A-BEAR WORKSHOP, INC., a Delaware corporation

under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                       ☐ other:

7.  **Person who served papers**

    a.  Name: ROBERT J MASON

    b.  Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**

    c.  Telephone number: **(213) 607-9000**

    d.  The fee for service was: $ 99.00

    e.  I am:

        (1) ☐  not a registered California process server.

        (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒  registered California process server:

            (i) ☐  owner  ☐  Employee  ☒  independent contractor.

            (ii) ☒  Registration No.:03-007

            (iii) ☒  County: PLACER

**USA Legal Network**

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9.  ☐  I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 03-23-23

ROBERT J MASON

_____

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)           (SIGNATURE)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

Electronically Received 05/04/2023 03:48 PM

1  BEN SUTER, CASB No. 107680
   ben.suter@kyl.com
2  GABRIEL LEE-SANCHEZ CASB No. 345891
   gabriel.lee-sanchez@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, CA 94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
7  Attorneys for Defendant
   BUILD-A-BEAR WORKSHOP, INC

**FILED**
Superior Court of California
County of Los Angeles

**05/04/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ J. Clavero _____ Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10

11  SONYA VALENZUELA,                    )   Case No. 23STCV04542
                                         )
12                        Plaintiff,     )   *Action Filed:  March 2, 2023*
                                         )
13         vs.                           )   **STIPULATION TO EXTEND TIME TO**
                                         )   **RESPOND TO COMPLAINT AND**
14  BUILD-A-BEAR WORKSHOP, INC, a        )   [~~PROPOSED~~] **ORDER**
    Delaware corporation; and DOES 1 through 10,  )
15  inclusive,                           )
                                         )
16                        Defendants.    )
                                         )
17  _____  )

18

19         Plaintiff SONYA VALENZUELA ("Plaintiff") and Defendant BUILD-A-BEAR WORKSHOP,

20  INC. ("Defendant" or "BUILD-A-BEAR") (collectively, the "Parties"), by and through their respective

21  counsel of record, hereby stipulate as follows:

22         WHEREAS, Plaintiff initiated this action against Defendant BUILD-A-BEAR WORKSHOP,

23  INC. and DOES 1-10 by filing a Complaint on March 2, 2023; and

24         WHEREAS, Plaintiff previously granted Defendant a 15-day extension of time to file a

25  responsive pleading, up to and including May 5, 2023; and

26         WHEREAS, Defendant BUILD-A-BEAR recently retained California counsel to represent its

27  interests in this litigation and said counsel requires additional time to become familiar with the case.

28         NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties that,

- 1 -

STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND [~~PROPOSED~~] ORDER
KYL4861-3239-1009.1

1  subject to approval by this Court, Defendant BUILD-A-BEAR's deadline to file a responsive pleading

2  to the Complaint filed herein shall be extended by 21 days, up to and including May 26, 2023.

3      IT IS SO STIPULATED.

4                                          *Scott J. Ferrell, Esq.*

5  DATED:  May 5, 2023
                                        _____
6                                          SCOTT J. FERRELL
                                          VICTORIA C. KNOWLES
7                                          PACIFIC TRIAL ATTORNEYS
                                          Attorneys for Plaintiff
8                                          SONYA VALENZUELA

9

10

11  DATED:  May 5, 2023
                                        _____
12                                          BEN SUTER
                                          GABRIEL LEE-SANCHEZ
13                                          KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendant
14                                          BUILD-A-BEAR WORKSHOP, INC

15

16

17

18                          **ORDER**

19      Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that Defendant BUILD-

20  A-BEAR WORKSHOP, INC.'s time in which to respond to the Complaint filed by Plaintiff SONYA

21  VALENZUELA is extended up to and including ___May 26, 2023___.

22      IT IS SO ORDERED.

23

24  Dated: ___05/05/2023_____
                                          JUDGE OF THE SUPERIOR COURT
25                                          Armen Tamzarian / Judge

26

27

28

- 2 -
STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND [PROPOSED] ORDER
KYL4861-3239-1009.1

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

        I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific Avenue, San Francisco, California  94133.

4

5

        On May 4, 2023, I served the foregoing document(s) described as **STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND [PROPOSED] ORDER** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7

8

| **PACIFIC TRIAL ATTORNEYS**<br>**Scott J. Ferrell, Esq.**<br>**Victoria C. Knowles, Esq.**<br>**4100 Newport Place Drive, Ste. 800**<br>**Newport Beach, CA 92660**<br><br>***Counsel for Plaintiff*** | **Tel:  (949) 706-6464**<br>**Fax: (949) 706-6469**<br><br>**Email: sferrell@pacifictrialattorneys.com**<br>**vknowles@pacifictrialattorneys.com** |
|---|---|

9

10

11

12

        ☑    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

13

        ☐    I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

14

15

        ☑    I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

16

17

18

        ☑    E-MAIL OR ELECTRONIC TRANSMISSION:  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20

21

22

        Executed on May 4, 2023 at San Francisco, California.

23

        I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

24

25

        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

*M. Schilt*
_____
Maria Celina M. Schilt

28

- 1 -

Proof of Service
KYL4871-6644-8226.1

1  BEN SUTER, CASB No. 107680
   ben.suter@kyl.com
2  GABRIEL LEE-SANCHEZ, CASB No. 345891
   gabriel.lee-sanchez@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
   Attorneys for Defendant
7  BUILD-A-BEAR WORKSHOP, INC.

8

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/26/2023 1:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By V. Sino-Cruz, Deputy Clerk

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11

| | |
|---|---|
| 12  SONYA VALENZUELA, | Case No. 23STCV04542 |
| 13                    Plaintiff, | *Action Filed:  March 2, 2023* |
| 14      vs. | **DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF** |
| 15  BUILD-A-BEAR WORKSHOP, INC., a | **DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT;** |
| Delaware Corporation; and DOES 1 through 10, | **MEMORANDUM OF POINTS AND** |
| 16  inclusive, | **AUTHORITIES IN SUPPORT THEREOF** |
| 17                    Defendants. | |
| 18 | *ASSIGNED FOR ALL PURPOSES TO:* |
| 19 | *Judge Hon. Armen Tamzarian, Dept. 52* |
| 20 | Date:    July 27, 2023 |
| | Time:    9:00 A.M. |
| 21 | Place:   Dept. 52 |
| | Reservation ID: 900049454057 |
| 22 | |
| 23 | |

24

25

26

27

28

- 1 -

1

## NOTICE OF DEMURRER

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3    **PLEASE TAKE NOTICE** that on July 27, 2023 at 9:00 A.M. PST, or as soon thereafter as

4    the matter may be heard, in Department 52 of this Court, located at 111 N. Hill St., Los Angeles, CA

5    90012, Defendant Build-A-Bear Workshop, Inc. ("Defendant" or "Build-A-Bear") demurs to the

6    Complaint filed by Plaintiff Sonya Valenzuela ("Plaintiff") on the grounds that the Complaint fails to

7    state facts sufficient to constitute a cause of action under Section 430.10(e) of the California Code of

8    Civil Procedure.

9    Under Section 430.41 of the California Code of Civil Procedure, counsel for Build-A-Bear met

10   and conferred with counsel for Plaintiff on April 28, 2023, to determine if an agreement could be

11   reached on any of the issues raised in the Demurrer, but no such agreement was reached. (*See* Decl., of

12   Gabriel Lee-Sanchez, at ¶¶ 4-7.)

13   This Demurrer will be and is based on the grounds stated in this Notice of Demurrer, the

14   attached Demurrer and Memorandum of Points and Authorities in support thereof, the Court's records

15   in this action, and all other matters presented at or before the hearing on this Demurrer or of which this

16   Court may take judicial notice.

17

18

19   DATED:  May 26, 2023

20   _____
     BEN SUTER
21   GABRIEL LEE-SANCHEZ
     KEESAL, YOUNG & LOGAN
22   Attorneys for Defendant
     BUILD-A-BEAR WORKSHOP, INC.

23

24

25

26

27

28

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

1

## **DEMURRER**

2        Defendant Build-A-Bear Workshop, Inc. demurs to the Complaint as follows, and seeks

3    dismissal of the following causes of action.

4        **Demurrer to the Cause of Action (Violations of Cal. Penal Code § 631)**

5        Defendant demurs to the above-referenced cause of action, violations of Cal. Penal Code §

6    631, on the grounds that it fails to state facts sufficient to constitute a cause of action under §

7    430.10(e) of the Code of Civil Procedure.

8        **Demurrer to the Cause of Action (Violations of Cal. Penal Code § 632.7)**

9        Defendant demurs to the above-referenced cause of action, violations of Cal. Penal Code §

10   632.7, on the grounds that it fails to state facts sufficient to constitute a cause of action under §

11   430.10(e) of the Code of Civil Procedure.

12

13

14   DATED:  May 26, 2023

15   BEN SUTER
16   GABRIEL LEE-SANCHEZ
     KEESAL, YOUNG & LOGAN
17   Attorneys for Defendant
     BUILD-A-BEAR WORKSHOP, INC.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

KYL4867-6165-6678.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 7

I. INTRODUCTION ............................................................................................. 7

II. BACKGROUND .............................................................................................. 7

III. LEGAL STANDARD ..................................................................................... 8

IV. ARGUMENT .................................................................................................. 9

    A.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM TO RELIEF UNDER CAL. PENAL CODE § 631 ............................................................. 9

        1.    The First Three Clauses of Section 631(a) Do Not Apply to a Website Owner Like Build-A-Bear. ..................................... 10

        2.    Plaintiff Does Not and Cannot Plausibly Allege that Build-A-Bear Aided or Abetted a Third-Party In Using the Data for the Third-Party's Own Purposes. .............................. 10

    B.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM TO RELIEF UNDER CAL. PENAL CODE § 632.7 .......................................................... 12

V. CONCLUSION ............................................................................................... 15

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### FEDERAL CASES

*Byars v. Hot Topic, Inc.,*
    2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ........................................... 9-14

*Byars v. The Goodyear Tire & Rubber Co.,*
    2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ................................................14

*Esparza v. Lenox Corp.,*
    2023 WL 2541352 (N.D. Cal. Mar. 16, 2023) .......................................11, 12

*Licea v. Cinmar, LLC,*
    2023 WL 2415592, (C.D. Cal. Mar. 7, 2023) ...........................................13

*Martin v. Sephora USA, Inc.,*
    2023 WL 2717636 (E.D. Cal. Mar. 30, 2023),
    2023 WL 3061957 (E.D. Cal. Apr. 24, 2023) ..................................... 10-14

*McCabe v. Six Continents Hotels, Inc.,*
    2014 WL 465750 (N.D. Cal. Feb. 3, 2014) ...........................................14, 15

*Moledina v. Marriott Inter., Inc.,*
    2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) ........................................13

*Montelongo v. RadioShack,*
    2010 WL 11509118 (C.D. Cal. Mar. 31, 2010) .......................................12

*Williams v. What If Holdings, LLC,*
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ...................................... 10-12

### STATE CASES

*Ampex Corp. v. Cargle,*
    128 Cal. App. 4th 1569 (2005) .................................................................8

*Ankeny v. Lockheed Missiles & Space Co.,*
    88 Cal. App. 3d 531 (1979) ......................................................................8

*Blank v. Kirwan,*
    39 Cal. 3d 311 (1985) ..............................................................................8

*Davaloo v. State Farm Ins. Co.,*
    135 Cal. App. 4th 409 (2005) .................................................................12

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

## TABLE OF AUTHORITIES (CONT'D)

Page(s)

*Est. of Archer,*
    193 Cal. App. 3d 238 (1987) ..............................................................................12

*Flanagan v. Flanagan,*
    27 Cal. 4th 766 (2002) ......................................................................................13

*Hataishi v. First Am. Home Buyers Protection Corp.,*
    223 Cal. App. 4th 1454 (2014) .........................................................................13

*Hood v. Hacienda La Puente Unified Sch. Dist.,*
    65 Cal. App. 4th 435 (1998) ...............................................................................8

*Rogers v. Ulrich,*
    52 Cal. App. 3d 894 (1975) ...............................................................................10

*Tavernetti v. Superior Ct.,*
    22 Cal. 3d 187, 192 (1978) .................................................................................9

*Vaillette v. Fireman's Fund Ins. Co.,*
    18 Cal. App. 4th 680, 685 (1993) ........................................................................9

*Warden v. Kahn,*
    99 Cal. App. 3d 805 (1979) ...............................................................................10

*Williams v. Sacramento River Cats Baseball Club, LLC,*
    40 Cal. App. 5th 280, 286 (2019) ........................................................................9

### STATE STATUTES AND RULES

Cal. Civ. Proc. Code
    § 430.10(e) ...........................................................................................................8

Cal. Evid. Code
    § 452(h) ................................................................................................................8

Cal. Penal Code
    § 631 ................................................................................................................7-12
    § 631(a) ...........................................................................................................9, 10
    § 632.7 .....................................................................................................7, 8, 12-14

### OTHER

*Build-A-Bear Workshop*, https://www.buildabear.com/contact-us ........................................8

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

KYL4867-6165-6678.1

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.    INTRODUCTION**

3

Plaintiff Sonya Valenzuela ("Plaintiff") attempts to assert two claims under the California

4

Invasion of Privacy Act ("CIPA") against Defendant Build-A-Bear Workshop, Inc. ("Build-A-Bear")

5

and "Does 1 through 10." (*See* Compl., *passim*.)  Plaintiff's first claim arises under Cal. Penal Code

6

§ 631, which prohibits eavesdropping.   For obvious reasons, under Section 631, a party to a

7

conversation, as Build-A-Bear was alleged to have been here, cannot be liable for eavesdropping on its

8

own conversation unless it somehow aids or abets a third-party in eavesdropping on the conversation

9

such that the third-party intercepts and uses the data ***for itself***.  Plaintiff does not and cannot allege that

10

the unnamed third-party who supposedly "eavesdropped" on Plaintiff's website chat used the data for

11

itself, as opposed to merely being a tool used by Build-A-Bear to record the data for Build-A-Bear's

12

own use.  Thus, Plaintiff's claim under Section 631 fails.

13

Plaintiff's second claim arises under Cal. Penal Code § 632.7, which prohibits intercepting or

14

recording communications between ***two telephones*** without the consent of all parties to the

15

communication.  Plaintiff does not allege that her communications via the chat feature on Build-A-

16

Bear's website were between two telephones.  Accordingly, Plaintiff's claim under Section 632.7

17

likewise fails, and the Complaint must be dismissed with prejudice.

18

**II.    BACKGROUND**

19

Plaintiff, a self-proclaimed "consumer privacy advocate," alleges she visited Build-A-Bear's

20

website via a smart phone and used the "chat feature" to communicate with Build-A-Bear. (Compl.,

21

¶¶ 14, 16.)  Plaintiff contends that Build-A-Bear allows a third-party to "embed software code that

22

functions as a device and contrivance into its website." (*Id.*, ¶ 12.)  Plaintiff fails to identify this third-

23

party. (*See id.*, *passim*.)  Plaintiff asserts the software code "acts as a 'chat feature' and automatically

24

intercepts, records, and creates transcripts of all conversations using the website chat feature[.]" (*Id.*, ¶

25

12.)  Plaintiff asserts that Build-A-Bear did not inform Plaintiff it was recording the conversation "or

26

27

28

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time" or obtain Plaintiff's consent. (*Id.*, ¶¶ 18-19.)[1]

Plaintiff does not allege that the unnamed third-party makes any use of the recorded data itself, as opposed to merely being a tool used by Build-A-Bear to record the data for Build-A-Bear's own use. (*Id.*, *passim*.)  Plaintiff's lone allegation in this regard is that the data "enables *them* to harvest transcript data for marketing and other purposes" "under the guise of 'data analytics'." (*Id.*, ¶¶ 1, 12) (emphasis added).  Similarly, Plaintiff does not allege Build-A-Bear communicated with her using a telephone.

Based on the above, Plaintiff attempts to assert two claims: (i) violations of California Penal Code § 631 ("First Cause of Action"); and (ii) violations of Cal. Penal Code § 632.7 ("Second Cause of Action"). (Compl., ¶¶ 23-36.)  Plaintiff has failed to, nor can she, state either claim as a matter of law. Plaintiff's Complaint must be dismissed in its entirety, with prejudice.

## III.    LEGAL STANDARD

Under Section 430.10(e) of the Code of Civil Procedure, a party may demur when a complaint fails to state facts sufficient to constitute a cause of action.  Cal. Civ. Proc. Code § 430.10(e).  While a court generally accepts as true all material facts properly pled, a court is not required to accept "contentions, deductions, or conclusions of fact or law."  *Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985); *Hood v. Hacienda La Puente Unified Sch. Dist.*, 65 Cal. App. 4th 435, 438 (1998).  Conclusory allegations that are not substantiated or supported by precisely stated material facts are properly subject to demurrer.  *See, e.g.*, *Ankeny v. Lockheed Missiles & Space Co.*, 88 Cal. App. 3d 531, 537 (1979). The court should sustain a demurrer "[i]f the complaint fails to plead, or if the defendant negates, any

---

[1] Though irrelevant to deciding this Demurrer, upon navigating to the chat feature in the bottom right-hand corner of Build-A-Bear's website, a pop-up immediately appears that states in full: "Your chat session may be recorded and is subject to our Privacy Policy and Terms of Use."  *Build-A-Bear Workshop*, https://www.buildabear.com/contact-us (last accessed Apr. 7, 2023 at 11:32 a.m.).  A user must then click a button that says "I Agree" prior to being able to use the chat feature. *Id*; *see also Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1573 n.2 (2005) (taking judicial notice of "various computer printouts from [plaintiff]'s Web site and the Yahoo! message board" pursuant to Evid. Code, § 452(h)); Cal. Evid. Code § 452(h) ("Facts and propositions that are not reasonably subject to dispute and are capable or immediate and accurate determination by resort to sources of reasonably indisputable accuracy" may be taken judicial notice of).  This would appear to be sufficient by Plaintiff's own contention. (*See* Compl., ¶ 9 ("Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.").)

1   essential element of a particular cause of action."  *Williams v. Sacramento River Cats Baseball Club,*

2   *LLC*, 40 Cal. App. 5th 280, 286 (2019).  "[L]eave to amend should *not* be granted where . . . amendment

3   would be futile."  *Vaillette v. Fireman's Fund Ins. Co*., 18 Cal. App. 4th 680, 685 (1993).

4   **IV.    ARGUMENT**

5   　　　**A.    Plaintiff's Complaint Fails to State a Claim to Relief Under Cal. Penal Code § 631.**

6   　　　　Plaintiff's "First Cause of Action", alleges violations of Cal. Penal Code § 631(a).  Section 631

7   provides in relevant part:

8   　　　　　Any person [1] who, by means of any machine, instrument, or contrivance, or in any
9   　　　　　other manner, intentionally taps, or makes any unauthorized connection, whether
10  　　　　　physically, electrically, acoustically, inductively, or otherwise, with any telegraph or
     　　　　　telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument
11  　　　　　of any internal telephonic communication system, or [2] who willfully and without the
     　　　　　consent of all parties to the communication, or in any unauthorized manner, reads, or
12  　　　　　attempts to read, or to learn the contents or meaning of any message, report, or
     　　　　　communication while the same is in transit or passing over any wire, line, or cable, or is
13  　　　　　being sent from, or received at any place within this state; or [3] who uses, or attempts
     　　　　　to use, in any manner, or for any purpose, or to communicate in any way, any information
14  　　　　　so obtained, or [4] who aids, agrees with, employs, or conspires with any person or
     　　　　　persons to unlawfully do, or permit, or cause to be done any of the acts or things
15  　　　　　mentioned above in this section, is punishable by . . . .

16  Cal. Penal Code § 631(a).

17  　　　　Section 631(a) has been interpreted to prohibit "three distinct and mutually independent patterns

18  of conduct": (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of

19  a communication in transit over a wire," and (3) "attempting to use or communicate information

20  obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Ct.*, 22

21  Cal. 3d 187, 192 (1978).[2]

22

23

24  ――――――――――――――

25  [2] With respect to the theories of liability under Section 631(a), Plaintiff fails to identify which she contends applies here.  Instead, she merely avers that "[h]ere, Defendant does all three." (*See* Compl., ¶ 23.)  Build-A-Bear is not
26  alone in concluding this contention is wholly conclusory.  In one of a series of copy-and-paste lawsuits filed by Plaintiff's counsel, the Central District of California noted the same. *See Byars v. Hot Topic, Inc.*, No. EDCV 22-
27  1652 JGB (KKx), 2023 WL 2026494, at *7 (C.D. Cal. Feb. 14, 2023) ("In a remarkable illustration of conclusory pleading, Plaintiff restates these three theories of liability, and simply alleges, "[h]ere, Defendant does all three.").

28

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

1

**1.    The First Three Clauses of Section 631(a) Do Not Apply to a Website**

2

**Owner Like Build-A-Bear.**

3    Here, Plaintiff's Complaint is based entirely on the chat feature on Build-A-Bear's website. (*See,*

4    *e.g.,* Compl., ¶¶ 10, 12, 25-26.)  "[T]he only viable theory of liability for a website owner like [Build-

5    A-Bear] is under the fourth clause of Section 631(a)[.]" *Hot Topic, Inc.*, 2023 WL 2026994, at *4; *see*

6    *also Esparza v. Lenox Corp.*, No. C 22-09004 WHA, 2023 WL 2541352, at *3 (N.D. Cal. Mar. 16,

7    2023) ("Plaintiff's complaint is premised on the assertion that Defendant secretly recorded [P]laintiff's

8    conversations with an agent of Defendant through the website chat feature . . . Plaintiff's only viable

9    theory of liability under Section 631(a) is therefore its fourth clause[.]"); *see also Martin v. Sephora*

10    *USA, Inc.*, No. 1:22-cv-03155-JLT-SAB, 2023 WL 2717636, at *9-11 (E.D. Cal. Mar. 30, 2023), *report*

11    *and recommendation adopted*, No. 122CV01355JLTSAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023).

12    The rationale is that "[p]arties to a conversation cannot eavesdrop on their own conversation, so no other

13    part of Section 631(a) is applicable." *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022

14    WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *see also Warden v. Kahn*, 99 Cal. App. 3d 805, 811

15    (1979) ("[Section 631] . . . has been held to apply only to eavesdropping by a third party and not to

16    recording by a participant to a conversation." (citing *Rogers v. Ulrich*, 52 Cal. App. 3d 894 (1975))).

17

**2.    Plaintiff Does Not and Cannot Plausibly Allege that Build-A-Bear Aided or**

18

**Abetted a Third-Party In Using the Data for the Third-Party's Own**

19

**Purposes.**

20    The fourth clause of Section 631(a) makes liable one "who aids, agrees with, employs, or

21    conspires with any person or persons to unlawfully do, or permit, or cause to be done any of" the conduct

22    prohibited by the first three clauses. Cal. Penal Code § 631(a); *see also Hot Topic, Inc.*, 2023 WL

23    2026994, at *8.  Under this theory, a defendant's liability is "based entirely" on whether the third-party

24    "violated Section 631 in some way." *Hot Topic, Inc*., 2023 WL 2026994, at *9 (quoting *Williams*, 2022

25    WL 17869275, at *2).  "[T]he question boils down to whether the third-party vendor was an independent

26    third party hired to eavesdrop on [Build-A-Bear]'s communications, or whether the third-party vendor's

27    software was merely a tool that [Build-A-Bear] used to record its own communications with plaintiff."

28    *Id*. (alterations omitted).  In this regard, "[a] key distinction is whether or not the alleged third party

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

software vendor aggregates or otherwise processes the recorded information, which might suggest that the software vendor independently uses the gathered data in some way." *Id*. (internal quotations omitted). A plaintiff must demonstrate that the third-party "intercepted and used the data itself." *Williams*, 2022 WL 17869275, at *3.

In this regard, *Hot Topic, Inc.* is dispositive of Plaintiff's claim. In *Hot Topic*, the plaintiff alleged that the defendant violated Section 631(a) by "wiretap[ping] the conversations of all website visitors and allow[ing] a third party to eavesdrop on the conversations in real time during transmission." 2023 WL 2026994, at *2. The plaintiff alleged that the defendant used a chat feature on its website "that automatically records and creates transcripts of conversations with visitors to the Website." *Id*. The plaintiff further alleged that the defendant allowed "at least one third-party vendor" to "intercept, eavesdrop upon and store transcripts of Defendant's chat communications with website visitors" and that the defendant allowed the third-party to "access these communications . . . under the guise of data analytics." *Id*. (quotations omitted).

The court dismissed the Section 631 claim upon concluding that the plaintiff failed to allege facts suggesting the third-party "intercepted and used the data itself" or "affirmatively engage[d] with th[e] data in any way other than to store it." *Id*. (quoting *Williams*, 2022 WL 17869275, at *3). The court reasoned that the plaintiff "appear[ed] to know nothing about the role the third-party vendor plays, because she does not even know what it is, let alone how it works." *Id*. Indeed, the court disregarded the unsupported, conclusory allegation that the third-party "harvests data for financial gain." *Id*. at *10; *see also Esparza*, 2023 WL 2541352, at *3 (dismissing Section 631 claim in case involving a web chat upon finding insufficient the allegation that the defendant "allows at least one independent third-party vendor . . . to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of chat communications with unsuspecting visitors,' and that such parties 'eavesdrop on the conversations in real time under the guise of 'data analytics'.'"); *Martin*, 2023 WL 2717636, at *12-13.

Plaintiff's allegations are materially indistinguishable from those held to be legally inadequate in *Hot Topic*. In apparent support of her aiding and abetting theory, Plaintiff alleges—in wholly conclusory fashion—that Build-A-Bear allows an unnamed third-party to "intercept[], record[], and create transcripts of all conversations using the website chat feature" and that this data "can be used for

- 11 -

targeted marketing or other purposes under the guise of 'data analytics'." (*See* Compl., ¶ 12.; *see also id.*, ¶ 1 ("[W]hich then enables them to harvest transcript data for marketing and other purposes.").)  As multiple courts have held, these allegations are insufficient as a matter of law. *See Hot Topic, Inc.*, 2023 WL 2026994, at *10; *Esparza*, 2023 WL 2541352, at *3; *Martin*, 2023 WL 2717636, at *13.[3]

Although Plaintiff alleges the data is harvested for "marketing" and/or "other purposes," (*see* Compl., ¶ 1, 12), "[i]t is unclear . . . to which party Plaintiff attributes the" use of the data for marketing or other purposes. *See Martin*, 2023 WL 2717636, at *13.  Indeed, "Plaintiff has neither named a third-party defendant . . . nor has clearly identified who the alleged third party 'eavesdropper' is." *See id.* at *12.  Rather, "all of Plaintiff's allegations pertain to [Build-A-Bear]'s actions, and no actions are attributed to the alleged third-party eavesdropper." *See id.*  In sum:

> Plaintiff has not identified the alleged third-party eavesdropper, she provides no description of what the third-party vendor does, what its relationship to [Build-A-Bear] is, how it intercepts [Build-A-Bear]'s chat communications, or what it does with that information.

*See id.*; *see also Esparza*, 2023 WL 2541352, at *3.

Plaintiff does not and cannot adequately allege that Build-A-Bear aided, abetted, agreed, employed, or conspired with the unnamed third-party to allow the third-party to "use the data itself." *See Williams*, 2022 WL 17869275, at *3.  Accordingly, Plaintiff's Section 631 claim must be dismissed.

**B.      Plaintiff's Complaint Fails to State a Claim to Relief Under Cal. Penal Code § 632.7.**

Plaintiff's second claim, under Section 632.7, fares no better.  Section 632.7 provides:

> Every person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones,

---

[3] That these allegations were disregarded, and insufficient in federal court, under notice pleading standards, is particularly instructive considering the fact-pleading standard applied in this Court. *See, e.g., Davaloo v. State Farm Ins. Co.*, 135 Cal. App. 4th 409, 415 (2005) ("This fact-pleading requirement obligates the plaintiff to allege ultimate facts that 'as a whole apprise the adversary of the factual basis of the claim'.") (quoting *Est. of Archer*, 193 Cal. App. 3d 238, 245 (1987)); *see also Montelongo v. RadioShack*, No. 09-01235 MMM (AJWx), 2010 WL 11509118, at *9 (C.D. Cal. Mar. 31, 2010) (recognizing that "under California pleading requirements, a plaintiff is required to plead more facts than the Federal Rules of Civil Procedure require").

a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by . . . .

Cal. Penal Code § 632.7(a).

"The unambiguous meaning of the statute is thus that it only applies to communications involving *two telephones*." *Hot Topic*, *Inc.*, 2023 WL 2026994, at *10 (emphasis added); *Martin*, 2023 WL 2717636, at *14 (same); *Moledina v. Marriott Inter., Inc.*, No. 2:22-cv-03059-SPG-JPR, 2022 WL 16630276, at *7 (C.D. Cal. Oct. 17, 2022) ("Section 632.7 . . . imposes liability on anyone 'who, without the consent of all parties to a communication, intercepts or receives and intentionally records a communication transmitted between' *a cellular telephone and another telephone*." (quoting Cal. Penal Code § 632.7(a) (emphasis added) (ellipses omitted)).

Indeed, under Section 632.7, a plaintiff must establish "what type of telephone was used to receive the subject call." *Hataishi v. First Am. Home Buyers Protection Corp.*, 223 Cal. App. 4th 1454, 1469 (2014). The "plain text" of the statute "indicates an exclusive list of five types of calls" to which it applies: "(1) two cellular radio telephones; (2) a cellular radio telephone and a landline telephone; (3) two cordless telephones; (4) a cordless telephone and a landline telephone; and (5) a cordless telephone and a cellular radio telephone." *Martin*, 2023 WL 2717636, at *14. This reading comports with the California Supreme Court's conclusion that the statute was enacted to "[r]espond[] to the problem of protecting the privacy of parties to *calls* involving *cellular or cordless telephones*." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002) (emphases added).

Here, Plaintiff alleges that she "used a smart phone . . . and had a conversation with [Build-A-Bear] using the chat feature on [Build-A-Bear's] website." (Compl., ¶ 16.) Plaintiff does not and cannot allege that Build-A-Bear communicated with her via a telephone. (*See id.*, *passim*.)

Plaintiff's precise contention has been rejected—myriad times. *See, e.g.*, *Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM), 2023 WL 2415592, at *1, 12-13 (C.D. Cal. Mar. 7, 2023) (granting defendant's motion to dismiss upon concluding that "Plaintiffs' alleged communication through

Defendant's website [chat feature] [wa]s not a communication over telephone technology covered by Section 632.7"); *Hot Topic, Inc.*, 2023 WL 2026994, at *12 ("Plaintiff's allegations all relate to text-based web communications regarding a chat feature on a website, which virtually by definition cannot involve two telephones."); *Martin*, 2023 WL 2717636, at *14 (dismissing Section 632.7 claim where plaintiff alleged "she used a smartphone . . . and had a conversation with Defendant via its website chat feature").

In her Complaint, Plaintiff relies on *Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023), in support of her Section 632.7 claim. (Compl., ¶ 21.) However, the reasoning in *Goodyear Tire & Rubber Co.* has been soundly rejected as an "outlier case":

> Far from persuasive, <u>Goodyear</u> appears to be an outlier case, in which the court, reviewing allegations nearly identical to the ones asserted in the instant litigation, held the plaintiff's smartphone categorically fell under the cellular phone category under § 632.7, and that § 632.7 applied to internet-based communications and written communications. Notably, <u>Goodyear</u> held there was no requirement that a plaintiff allege the type of telephonic device used by the defendant because there was no caselaw indicating this requirement, which is the crux of Plaintiff's argument here. This Court finds <u>Goodyear</u> to be unpersuasive, however, and declines to adopt its rulings due to its circumvention of the plain language of § 632.7, and faulty reliance on plainly distinguishable caselaw to reach the aforementioned holdings.

*Martin*, 2023 WL 2717636, at *15 (internal citations and quotations omitted) (alterations omitted). As another court explained in rejecting *Goodyear* as resting on a "false premise":

> [P]ersuasive authority like <u>Goodyear</u> is only relevant to the extent of its ability to ***persuade***, and the Court respectfully disagrees with <u>Goodyear</u>'s Section 632.7 holding . . . <u>Goodyear</u>'s reasoning rests on the false premise that Goodyear was using a telephone at all: the allegations here, as here, make it abundantly clear that it was ***not*** using a telephone, for Goodyear, like Hot Topic, was accused of 'embed[ing] code into its chat feature that allows Goodyear to record and transcribe' text-based communications.

*Hot Topic, Inc.*, 2023 WL 2026994, at *11 (emphasis in original).[4]

---

[4] The court in *Goodyear* relied on *McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-04818 NC, 2014 WL 465750, at *3 (N.D. Cal. Feb. 3, 2014) for the proposition that only one party must be using a telephone for Section 632.7 liability to apply. *See Goodyear*, 2023 WL 1788553, at *5. As the *Hot Topic* court recognized, *McCabe* "does not support the broad proposition that <u>Goodyear</u> cited it for." *Hot Topic, Inc.*, 2023 WL 2026994, at *11. As

- 14 -

1      Here, it is undeniably clear—from Plaintiff's own allegations—that any website chat between

2   Plaintiff and Build-A-Bear would have been through Build-A-Bear's website chat feature—not over a

3   telephone.  Thus, Plaintiff's second caution of action must be dismissed.

4   **V.     CONCLUSION**

5      For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

6

7

8

9   DATED:  May 26, 2023                _____

10                                      BEN SUTER
                                        GABRIEL LEE-SANCHEZ
11                                      KEESAL, YOUNG & LOGAN
                                        Attorneys for Defendant
12                                      BUILD-A-BEAR WORKSHOP, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25   explained by the court in *Hot Topic*: "the defendant [in *McCabe*] argued that it could have been using Voice Over

26   Internet Protocol (VoIP) technology to record phone calls, as opposed to an ordinary telephone.  McCabe's
     rejection of that argument made perfect sense, because VoIP telephone calls are similar to traditional telephony

27   in almost every meaningful respect as it relates to an individual's privacy, and there was no doubt whatsoever
     that the facts in <u>McCabe</u> involved **telephone calls** between two users using some kind of **telephone device**[.]" *Id*.

28   Here, the allegations "make it abundantly clear that [Build-A-Bear] was ***not*** using a telephone[.] *See id*.

DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
KYL4867-6165-6678.1

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3        I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific
4    Avenue, San Francisco, California  94133.

5        On May 26, 2023, I served the foregoing document(s) described as:

6    1.    **DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND**
7    **AUTHORITIES IN SUPPORT THEREOF;**

8    2.    **DECLARATION OF GABRIEL LEE-SANCHEZ IN SUPPORT OF DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO PLAINTIFF'S COMPLAINT;**
9    **and**

10   3.    **[PROPOSED] ORDER SUSTAINING DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO PLAINTIFF'S COMPLAINT**

11

12   on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
13

| | |
|---|---|
| **PACIFIC TRIAL ATTORNEYS**<br>**Scott J. Ferrell, Esq.**<br>**Victoria C. Knowles, Esq.**<br>**4100 Newport Place Drive, Ste. 800**<br>**Newport Beach, CA 92660**<br><br>***Counsel for Plaintiff*** | **Tel:  (949) 706-6464**<br>**Fax: (949) 706-6469**<br><br>**Email: sferrell@pacifictrialattorneys.com**<br>**vknowles@pacifictrialattorneys.com** |

18       ☑    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed
19   to the above-named persons at the addresses exhibited therewith and (specify one):

20       ☐    I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

21       ☑    I placed the envelope for collection and mailing, following our ordinary
22   business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and
23   mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
24   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

25       ☑    E-MAIL OR ELECTRONIC TRANSMISSION:  Based on a court order or an
26   agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive,
27   within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

28

- 1 -

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:     23STCV04542
KYL File No.: 7799-13

1    Executed on May 26, 2023 at San Francisco, California.

2    I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

3
4    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

5
6    _____
     Maria Celina M. Schilt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -



# Journal Technologies Court Portal

# Make a Reservation

## SONYA VALENZUELA vs BUILD-A-BEAR WORKSHOP

Case Number: 23STCV04542    Case Type: Civil Unlimited    Category: Civil Rights/Discrimination
Date Filed: 2023-03-02   Location: Stanley Mosk Courthouse - Department 52

## Reservation

| | |
|---|---|
| Case Name:<br>SONYA VALENZUELA vs BUILD-A-BEAR WORKSHOP | Case Number:<br>23STCV04542 |
| Type:<br>Demurrer - without Motion to Strike | Status:<br>RESERVED |
| Filing Party:<br>Build-A-Bear Workshop (Defendant) | Location:<br>Stanley Mosk Courthouse - Department 52 |
| Date/Time:<br>07/27/2023 9:00 AM | Number of Motions:<br>1 |
| Reservation ID:<br>900049454057 | Confirmation Code:<br>CR-NG5FWJR5OGAJWTVA7 |

## Fees

| Description | Fee | Qty | Amount |
|---|---:|:---:|---:|
| Demurrer - without Motion to Strike | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>Visa |
| Account Number:<br>XXXX8662 | Authorization:<br>025284 |
| Payment Date:<br>1969-12-31 | |

🖨 Print Receipt      ➕ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

1  BEN SUTER, CASB No. 107680
   ben.suter@kyl.com
2  GABRIEL LEE-SANCHEZ, CASB No. 345891
   gabriel.lee-sanchez@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:     (415) 981-0136
6
   BUILD-A-BEAR WORKSHOP, INC
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/26/2023 1:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By V. Sino-Cruz, Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11  SONYA VALENZUELA,                          ) Case No. 23STCV04542
                                                )
12                              Plaintiff,      ) *Action Filed:  March 2, 2023*
                                                )
13              vs.                             ) **DECLARATION OF GABRIEL LEE-**
                                                ) **SANCHEZ IN SUPPORT OF DEFENDANT**
14  BUILD-A-BEAR WORKSHOP, INC., a              ) **BUILD-A-BEAR WORKSHOP, INC'S**
    Delaware Corporation; and DOES 1 through 10,) **DEMURRER TO PLAINTIFF'S**
15  inclusive,                                  ) **COMPLAINT**
                                                )
16                              Defendants.     )
                                                )
17                                              ) *ASSIGNED FOR ALL PURPOSES TO:*
                                                ) *Judge Hon. Armen Tamzarian, Dept. 52*
18                                              )
                                                ) Date:    July 27, 2023
19                                              ) Time:    9:00 A.M.
                                                ) Place:   Dept. 52
20                                              ) Reservation ID: 900049454057
                                                )
21                                              )
                                                )
22  _____)

23

24        I, GABRIEL LEE-SANCHEZ, declare and state as follows:

25        1.      I am an attorney at law licensed to practice before this Court and I am an associate of

26  Keesal, Young & Logan, attorneys for Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-a-

27  Bear" or "Defendant") in this matter.  I have personal knowledge of the facts set forth below and, if

28  called upon to testify as a witness, could testify competently thereto.

2.     I submit this declaration in support of Defendant's Demurrer to Plaintiff SONYA VALENZUELA ("Ms. Valenzuela" or "Plaintiff")'s Complaint.

3.      On March 21, 2023, Defendant Build-a-Bear was served with Plaintiff's Complaint.

4.     On April 28, 2023, the parties, through their counsel, met and conferred to determine if an agreement could be reached on any of the issues raised in the Demurrer.  The parties agreed a 15-day extension, making Build-a-Bear's deadline to file a response to May 5, 2023.

5.     On May 2, 2023, the parties agreed to an additional 21-day extension for Build-a-Bear to file its responsive pleading to allow for additional time to try to resolve the issues raised in the Demurrer.  Build-a-Bear expressed its intent to file a Demurrer to the Complaint if the matter was not resolved before the May 26, 2023, deadline.

6.     On May 4, 2023, Build-a-Bear filed a Stipulation to Extend Time to Respond to Plaintiff's Complaint.  The Court Order extending Build-a-Bear's time to respond to May 26, 2023, was issued on May 5, 2023.

7.     The parties were unable to reach an agreement resolving any of the issues raised in the Demurrer.

Executed this 26th day of May 2023, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



GABRIEL LEE-SANCHEZ

DECLARATION OF GABRIEL LEE-SANCHEZ IN SUPPORT OF DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO PLAINTIFF'S COMPLAINT
KYL4867-9619-4150.1

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

     I am employed in the County of San Francisco, State of California.  I am over the age of 18
and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific
Avenue, San Francisco, California  94133.

4

5

     On May 26, 2023, I served the foregoing document(s) described as:

6

**1.**    **DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND
DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF;**

7

8

**2.**    **DECLARATION OF GABRIEL LEE-SANCHEZ IN SUPPORT OF DEFENDANT
BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO PLAINTIFF'S COMPLAINT;
and**

9

10

**3.**    **[PROPOSED] ORDER SUSTAINING DEFENDANT BUILD-A-BEAR WORKSHOP,
INC'S DEMURRER TO PLAINTIFF'S COMPLAINT**

11

12

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as
follows:

13

14

| **PACIFIC TRIAL ATTORNEYS**<br>**Scott J. Ferrell, Esq.**<br>**Victoria C. Knowles, Esq.**<br>**4100 Newport Place Drive, Ste. 800**<br>**Newport Beach, CA 92660**<br><br>***Counsel for Plaintiff*** | **Tel:  (949) 706-6464**<br>**Fax: (949) 706-6469**<br><br>**Email: sferrell@pacifictrialattorneys.com**<br>**vknowles@pacifictrialattorneys.com** |
|---|---|

15

16

17

18

    ☑    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed
to the above-named persons at the addresses exhibited therewith and (specify one):

19

    ☐    I deposited the sealed envelope with the United States Postal Service, with the
postage fully prepaid.

20

21

    ☑    I placed the envelope for collection and mailing, following our ordinary
business practices.  I am readily familiar with this firm's practice for collecting and processing
correspondence for mailing.  On the same day that correspondence is placed for collection and
mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a
sealed envelope with postage fully prepaid.
I am a resident or employed in the county where the mailing occurred.  The envelope or package was
placed in the mail at San Francisco, California.

22

23

24

25

    ☑    E-MAIL OR ELECTRONIC TRANSMISSION:  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents
to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive,
within a reasonable time after the transmission, any electronic message or other indication that the
transmission was unsuccessful.

26

27

28

- 1 -

Proof of Service
KYL4891-7248-4966.1

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1          Executed on May 26, 2023 at San Francisco, California.

2          I declare under penalty of perjury under the laws of the State of California and United States of
America that the foregoing is true and correct.

3

4          I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

5

6                                          *M. Schilt*
                                          _____
7                                          Maria Celina M. Schilt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              - 2 -

Journal Technologies Court Portal

# Make a Reservation

SONYA VALENZUELA vs BUILD-A-BEAR WORKSHOP

Case Number: 23STCV04542    Case Type: Civil Unlimited    Category: Civil Rights/Discrimination
Date Filed: 2023-03-02   Location: Stanley Mosk Courthouse - Department 52

## Reservation

| | |
|---|---|
| Case Name:<br>SONYA VALENZUELA vs BUILD-A-BEAR WORKSHOP | Case Number:<br>23STCV04542 |
| Type:<br>Demurrer - without Motion to Strike | Status:<br>RESERVED |
| Filing Party:<br>Build-A-Bear Workshop (Defendant) | Location:<br>Stanley Mosk Courthouse - Department 52 |
| Date/Time:<br>07/27/2023 9:00 AM | Number of Motions:<br>1 |
| Reservation ID:<br>900049454057 | Confirmation Code:<br>CR-NG5FWJR5OGAJWTVA7 |

## Fees

| Description | Fee | Qty | Amount |
|---|---:|---:|---:|
| Demurrer - without Motion to Strike | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>Visa |
| Account Number:<br>XXXX8662 | Authorization:<br>025284 |
| Payment Date:<br>1969-12-31 | |

 Print Receipt      ＋ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

Electronically Received 05/26/2023 01:09 PM

1  BEN SUTER, CASB No. 107680
   ben.suter@kyl.com
2  GABRIEL LEE-SANCHEZ, CASB No. 345891
   gabriel.lee-sanchez@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
7  BUILD-A-BEAR WORKSHOP, INC

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10

11  SONYA VALENZUELA,                    )  Case No. 23STCV04542
                                         )
12                        Plaintiff,     )  *Action Filed:  March 2, 2023*
                                         )
13           vs.                         )  **[PROPOSED] ORDER SUSTAINING**
                                         )  **DEFENDANT BUILD-A-BEAR**
14  BUILD-A-BEAR WORKSHOP, INC., a       )  **WORKSHOP, INC'S DEMURRER TO**
    Delaware Corporation; and DOES 1 through 10, )  **PLAINTIFF'S COMPLAINT**
15  inclusive,                           )
                                         )
16                        Defendants.    )
                                         )  *ASSIGNED FOR ALL PURPOSES TO:*
17                                       )  *Judge Hon. Armen Tamzarian, Dept. 52*
                                         )
18                                       )  Date:     July 27, 2023
                                         )  Time:     9:00 A.M.
19                                       )  Place:    Dept. 52
                                         )  Reservation ID: 900049454057
20                                       )
                                         )
21                                       )
                                         )
22  _____ )

23

24        The Demurrer of Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-a-Bear" or

25  "Defendant") to Plaintiff SONYA VALENZUELA ("Plaintiff")'s Complaint came on regularly for

26  hearing on July 27, 2023, in Department 52 of the above-entitled Court.

27        The Court having considered the moving, opposing, and/or reply papers, and any oral arguments

28  of counsel, and for good cause shown, HEREBY ORDERS THAT:

- 1 -

[PROPOSED] ORDER SUSTAINING DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO
PLAINTIFF'S COMPLAINT
KYL4895-7551-0374.1

1      Defendant Build-a-Bear's Demurrer to Plaintiff's Complaint is SUSTAINED in its entirety,

2    without leave to ament.

3         **IT IS SO ORDERED.**

4

5

6    DATED: _____          _____

7                                            JUDGE ARMEN TAMZARIAN
                                             SUPERIOR COURT OF CALIFORNIA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER SUSTAINING DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO
PLAINTIFF'S COMPLAINT
KYL4895-7551-0374.1

Case Name:  *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

        I am employed in the County of San Francisco, State of California.  I am over the age of 18
and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific

4

Avenue, San Francisco, California  94133.

5

        On May 26, 2023, I served the foregoing document(s) described as:

6

**1.      DEFENDANT BUILD-A-BEAR WORKSHOP, INC'S NOTICE OF DEMURRER AND
        DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND**

7

**        AUTHORITIES IN SUPPORT THEREOF;**

8

**2.      DECLARATION OF GABRIEL LEE-SANCHEZ IN SUPPORT OF DEFENDANT
        BUILD-A-BEAR WORKSHOP, INC'S DEMURRER TO PLAINTIFF'S COMPLAINT;**

9

**        and**

10

**3.      [PROPOSED] ORDER SUSTAINING DEFENDANT BUILD-A-BEAR WORKSHOP,
        INC'S DEMURRER TO PLAINTIFF'S COMPLAINT**

11

12

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as
follows:

13

14

| **PACIFIC TRIAL ATTORNEYS**<br>**Scott J. Ferrell, Esq.**<br>**Victoria C. Knowles, Esq.**<br>**4100 Newport Place Drive, Ste. 800**<br>**Newport Beach, CA 92660**<br><br>***Counsel for Plaintiff*** | **Tel:  (949) 706-6464**<br>**Fax: (949) 706-6469**<br><br>**Email: sferrell@pacifictrialattorneys.com**<br>**vknowles@pacifictrialattorneys.com** |
| --- | --- |

15

16

17

18

        ☑      BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed
to the above-named persons at the addresses exhibited therewith and (specify one):

19

                ☐      I deposited the sealed envelope with the United States Postal Service, with the

20

postage fully prepaid.

21

                ☑      I placed the envelope for collection and mailing, following our ordinary
business practices.  I am readily familiar with this firm's practice for collecting and processing

22

correspondence for mailing.  On the same day that correspondence is placed for collection and
mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a

23

sealed envelope with postage fully prepaid.
I am a resident or employed in the county where the mailing occurred.  The envelope or package was

24

placed in the mail at San Francisco, California.

25

        ☑      E-MAIL OR ELECTRONIC TRANSMISSION:  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents

26

to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive,
within a reasonable time after the transmission, any electronic message or other indication that the

27

transmission was unsuccessful.

28

- 1 -

Case Name:    *Valenzuela v. Build-A-Bear Workshop, Inc.*
Case No.:      23STCV04542
KYL File No.: 7799-13

1          Executed on May 26, 2023 at San Francisco, California.

2          I declare under penalty of perjury under the laws of the State of California and United States of
America that the foregoing is true and correct.

3

4          I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

5

6          _____
           Maria Celina M. Schilt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    - 2 -

Electronically Received 05/30/2023 10:38 PM

1   PACIFIC TRIAL ATTORNEYS
A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
3   4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
4   Tel: (949) 706-6464
Fax: (949) 706-6469
5
6   Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

05/30/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
M. Isunza

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11  SONYA VALENZUELA, individually and on         Case No.  23STCV04542
    behalf of all others similarly situated,
12                                                **FIRST AMENDED CLASS ACTION**
            Plaintiffs,                           **COMPLAINT FOR VIOLATION OF THE**
13                                                **CALIFORNIA INVASION OF PRIVACY**
            v.                                    **ACT ("CIPA")**
14
    BUILD-A-BEAR WORKSHOP, INC., a
15  Delaware corporation,
16          Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendant **Build-A-Bear Workshop, Inc.,** ("**Defendant**") secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at https://www.buildabear.com/ (the "**Website**"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.

Defendant does this without visitors' informed consent. As a result, Defendant has violated the California Invasion of Privacy Act ("**CIPA**"), Cal. Penal Code § 630, *et seq*.

**JURISDICTION AND VENUE**

1.      As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.      Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3.      Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians (including sales where the website operates as a "gateway"), such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct based on Defendant's website, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).of general jurisdiction, this Court has jurisdiction over all matters presented to it.

**PARTIES**

4.      Plaintiff is a resident and citizen of California. Within the past year and while physically within California, Plaintiff visited Defendant's Website using a smart phone and conducted a brief conversation with a customer service representative of Defendant through the Website chat

feature related to Defendant's products offered on the Website.  Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5.      Defendant is an American manufacturing company headquartered in Saint Louis, Missouri and incorporated in Delaware.  Defendant sells teddy bears and other stuffed animals and characters. With annual sales of hundreds of millions of dollars, Defendant is one of America's largest specialty retailers.

6.      Defendant owns, operates, and/or controls the Website.

## FACTUAL ALLEGATIONS

7.      CIPA prohibits both the wiretapping of and eavesdropping upon electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors that their conversations are being recorded, intercepted, and/or eavesdropped upon.[1]

8.      Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant enables and allows an independent third party to eavesdrop upon and record all such conversations.   Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions…. **When people are chatting, you have direct access to their exact pain points.***").   *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited May 2023) (emphasis added).

9.      Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions violate industry norms and the legitimate expectations of consumers.

10.     To enable the eavesdropping, Defendant has allowed a third party (believed to be a company called "Drift" or "Salesforce") (hereinafter referred to as the "Third-Party Spyware Company") to secretly intercept, exploit, and monetize the chat conversations between Defendant and

---

[1]     https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last visited May 2023) (emphasis added).

visitors to its Website. The Third-Party Spyware Company's chat service is an Application Programming Interface that is "plugged into" Defendant's Website. The chat function is run on the vendor's servers but allows for chat functionality on Defendant's Website. In other words, the Third-Party Spyware Company runs the Chat service from its own servers, but customers interact with the chat service on Defendant's Website so it appears to users that they are communicating with a company representative of Defendant.

11. Thus, whenever a chat message is sent from a member of the Class to Defendant, it is first routed through the Third-Party Spyware Company's server. This enables the Third-Party Spyware Company to analyze and collect customer-support agent interactions in real time to create live transcripts of communications as they occur, among other services. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

12. One might reasonably wonder why the Third-Party Spyware Company would be interested in intercepting and recording the website chat interactions between Defendant and unsuspecting visitors to Defendant's Website. As shown below, it is all about money.

13. The Third-Party Spyware Company's chat software is "integrated" with Meta subsidiaries like Facebook and WhatsApp. This Integration allows the Third-Party Spyware Company to share data with Meta and its subsidiaries, and thus operate as a unified system. According to Bloomberg.com, this is all part of Meta's secret "***plan to profit from private chats.***" *See* https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded May 2023) (emphasis added). As Bloomberg explained, Meta's software integration "*can manage customer messages from multiple services on one central dashboard. That's central to Meta's plan to make money off of its two messaging apps, WhatsApp and Messenger.*" *Id.*

14. So how does it work? ***First***, Meta identifies "user interests" by monitoring a collection of "offsite" user activity, such as the private chat communications between Defendant and visitors to its Website by "integrating" with the Third-Party Spyware Company's software. ***Second***, Meta generates revenue by selling advertising space through its subsidiaries' ability to identify those offsite user interests. ***Third and finally***, after harvesting the chat transcripts for valuable data, Meta's brands

like Facebook and WhatsApp bombard the unsuspecting Website visitors with targeted advertising.

15.     Through the preceding acts, Meta's subsidiary can freely boast that it will "Transform your support center into a profit generator." *See* https://www.kustomer.com/product/customer-service/ (last downloaded May  2023).  Indeed, all of the schemers – Defendant, the Third-Party Spyware Company, and Meta – all profit from secretly exploiting the private chat data through targeted social media advertising because "*Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer interests.*"[2]

16.     The Third-Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

17.     At some point after receiving Plaintiff's pre-filing correspondence, Defendant quietly admitted to the sum and substance of the entire scheme.  Specifically, Defendant updated its online privacy policy to **admit** that it does **exactly** what Plaintiff alleges herein.  *See* https://www.buildabear.com/privacy-policy.html ("*We employ other companies ("Agents") and people to perform tasks on our behalf and need to disclose, and may internationally transfer, your information with them to provide products or services to you; for example, Salesforce, Google, Facebook and other advertising partners. Other types of Agents with whom we may disclose Personal Information include organizations providing services to support Build-A-Bear Workshop functions, such as our mail and email processing companies, payment processing companies, and market research firms. We also transfer Personal Information to Agents for email marketing purposes.*"). (last downloaded May 2023) (emphasis added).

---

[2] *See* https://www.adroll.com/blog/what-is-targeted-advertising#:~:text=Targeted%20advertising%20allows%20brands%20to,and%20engage%20with%20the%20brand (last visited May 2023) (emphasis added).

18.     Given the nature of Defendant's business, visitors may share personal and confidential data and personally identifying information with Defendant via the Website chat feature.

19.     Within the last year, Plaintiff visited Defendant's Website and had a brief conversation through the chat feature with a customer representative of Defendant.  Plaintiff used a smart phone (a cellular telephone with integrated computers to enable web browsing).   As such, Plaintiff's conversations with Defendant were transmitted from "cellular radio telephones" and/or "landline telephones" as defined by CIPA.

20.     By definition, Defendant's chat communications from its Website are transmitted to visitors by either cellular telephony or landline telephony.   *See* https://www.britannica.com/technology/Internet ("How does the Internet work?") (*"The Internet works through a series of networks that connect devices around the world through telephone lines."*) (last visited May 2023).

21.     Defendant did not inform Class members that Defendant was secretly allowing, aiding, and abetting the Third-Party Spyware Company to intercept and eavesdrop on the conversations during transmission, and then exploit the data for its own gain.

22.     Defendant did not obtain Plaintiff's or the Class members' express or implied consent for the preceding intrusions, nor did Plaintiff or Class members know at the time of the conversations of Defendant's conduct.

## **CLASS ALLEGATIONS**

23.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the state of California who, during the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

24.     NUMEROSITY: Plaintiff does not know the number of Class members but believes the number to be in the thousands, if not more. The exact identities of Class members may be ascertained by the records maintained by Defendant.

25.    COMMONALITY: Common questions of fact and law exist as to all Class members and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class member, include but are not limited to the following:

a.    Whether Defendant aided and abetted a third party in eavesdropping upon and recording communications;

b.    Whether Plaintiff and Class members are entitled to statutory penalties; and

c.    Whether Class members are entitled to injunctive relief.

26.    TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

27.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

28.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class members is impracticable and inefficient.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631(a)**

29.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

30.    Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line,

cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

31.    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website.  "Though written in terms of wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'" *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

32.    The Third-Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

33.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded.  Defendant also aided and abetted, agreed with, employed, or conspired with at least one third party to wiretap and/or eavesdrop upon such conversations during transmission and in real time by voluntarily embedding the software code for Third-Party Spyware Company's software on Defendant's Website.

34.    Defendant knows that Third-Party Software Company, through software, captures the electronic communications of visitors to Defendant's Website, and pays Third-Party Software Company to conduct these activities.

35.    Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

36.    In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, \*4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation.  Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).*") (emphasis added).

37.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

38.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

39.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

40.    Plaintiff and the Class members communicated with Defendant using telephony subject to the mandates and prohibitions of section 632.7.

41.    Defendant's communications from the chat feature on its Website are transmitted via telephony subject to the mandates and prohibitions of section 632.7.

42.    As set forth above, Defendant recorded telephony communications without the consent of all parties to the communication in violation of section 632.7.

43.    As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of section 632.7.

44. In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 632.7 of CIPA. *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website. Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

45. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages pursuant to CIPA;

6. Reasonable attorneys' fees and costs; and

7. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: May 30, 2023                    PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

2

3      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

4

5      On May 30, 2023, I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the following person(s) in the manner indicated:

6                    **SEE ATTACHED SERVICE LIST**

7

8      ☐      (BY MAIL)   I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

9

10

11

12      ☐      (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

13

14

15

16      ☐      (BY HAND DELIVERY)   I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier.  I caused such document t be delivered by hand to the addresse(s) designated.

17

18      ☐      (BY   ELECTRONIC   SERVICE)      My   electronic   service   address   is _____@pacifictrialattorneys.com.   I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.

19

20      ☒      (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.  I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

21

22

23      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 30, 2023, at Newport Beach, California.

24

25      _____
        Mandy K. Jung

26

27

28

11
**PROOF OF SERVICE**

**SERVICE LIST**

1

BEN SUTER
GABRIEL LEE-SANCHEZ
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136
ben.suter@kyl.com
gabriel.lee-sanchez@kyl.com

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles
06/07/2023
David W. Slayton, Executive Officer / Clerk of Court
By: _____M. Isunza_____ Deputy

PLAINTIFF(S):
Sonya Valenzuela

DEFENDANT(S):
Build-A-Bear Workshop

## NOTICE RE: CONTINUANCE OF HEARING AND ORDER

CASE NUMBER:

23STCV04542

TO THE PLAINTIFF(S) AND ATTORNEY(S) OF RECORD AND / OR PARTIES IN PROPRIA PERSONA:

You are hereby notified that the Case Management Conference _____

previously set for hearing on 06/29/2023 _____ in Department 52 _____ has been reset for

hearing in the same department on 07/19/2023 _____ at 8:30 AM _____.

## ORDER

You are ordered to give notice by mail forthwith of such fact to all parties and to file proof of service of such

notice forthwith in the assigned department, located at Stanley Mosk Courthouse _____

111 North Hill Street, Los Angeles, CA 90012 _____.

Dated: 06/07/2023 _____

Armen Tamzarian / Judge _____

Judicial Officer

**NOTICE RE: CONTINUANCE OF HEARING AND ORDER**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/07/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sonya Valenzuela | |
| DEFENDANT/RESPONDENT:<br>Build-A-Bear Workshop | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV04542 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice Re: Continuance of Hearing and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Gabriel Lee-Sanchez
Keesal Young & Logan
450 Pacific Avenue
San Francisco, CA 94133

Scott J Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

Victoria Campbell Knowles
Pacific Trial Attorneys, APC
4100 Newport Place Dr Ste 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/7/2023

By: M. Isunza _____
Deputy Clerk

**CERTIFICATE OF MAILING**